UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WILLIE FIELDS,

    Petitioner,

v.                                              Case No. 2:13-cv-40
                                               HON. GORDON J. QUIST

ROBERT NAPEL,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner Willie Fields filed this petition for writ of habeas corpus challenging his conviction after a plea to second degree home invasion. Petitioner was sentenced to 42 months to 15 years imprisonment. The Respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision.

    Petitioner alleges that:

    I. Due process entitled Petitioner to withdraw his guilty plea where defense counsel had frightened Petitioner into pleading guilty and Petitioner attempted to withdraw his plea.

    II. Petitioner was denied a discovery packet.

    III. Petitioner was denied his constitutional rights when cases appeared on his pre-sentence report that should have been expunged.

    IV. Petitioner's sentence was improperly calculated because the number of days given for credit was inaccurate.

    V. Petitioner did not fit the description of the suspect and could not be picked out of a line-up.

    VI. The prosecutor is in default for failing to respond to Petitioner's state court pleadings.

VII. Trial counsel was ineffective.

VIII. Petitioner's motion to correct the pre-sentence report and sentence was improperly denied.

IX. Petitioner is entitled to re-sentencing.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). The Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than

this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner argues that he should be allowed to withdraw his guilty plea. The Michigan courts rejected this claim. Petitioner must first show that he entered his plea involuntarily. The

- 3 -

constitutional validity of a guilty plea entered in the state courts is to be judged under the due-process standard set forth by the United States Supreme Court in *Boykin v. Alabama*, 395 U.S. 238 (1969). Under *Boykin*, a guilty plea must be knowing and voluntary in order to withstand scrutiny under the Due Process Clause. A criminal defendant enters a guilty plea knowingly when he understands the nature of the charge and the "direct consequences" of his guilty plea. *See Brady v. United States*, 397 U.S. 742, 748 (1970). In general, a defendant is aware of the direct consequences of the plea if he or she is aware of the maximum and minimum (if any) sentence that may be imposed. *See King v. Dutton*, 17 F.3d 151, 153-54 (6th Cir.), *cert. denied*, 504 U.S. 1222 (1994); *Hart v. Marion Corr. Inst.*, 927 F.2d 256, 259 (6th Cir.), *cert. denied*, 502 U.S. 816 (1991).

When a state prisoner brings a federal habeas petition challenging the voluntariness of his plea, the state generally satisfies its burden of showing a voluntary and intelligent plea by producing a transcript of the state-court proceeding. *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993). Where the transcript is adequate to show that the plea was voluntary and intelligent, a presumption of correctness attaches to the state court findings of fact and to the judgment itself. *Id.* A satisfactory state-court transcript, containing findings after a proper plea colloquy, places upon petitioner a "heavy burden" to overturn the state findings. *Id.* at 328; *see Parke v. Raley*, 113 S. Ct. 517, 523 (1992). In the present case, after a thorough interrogation of petitioner, the state judge found that petitioner's plea of guilty was entered knowingly and voluntarily.

> THE COURT: And do you understand, Mr. Fields, that if you plead guilty to home invasion in the second degree, and if the Court accepts your plea to that charge, then you will not have a trial of any kind in this court, and that means you will give up the rights that you would have if went to trial.
>
> And I saw you and Ms. Bryant going over a list of those rights on the form I'm holding. And did you read and understand all the rights printed on that form?

THE DEFENDANT: Yes.

THE COURT: Finally, Mr. Fields, if your plea is accepted you will be giving up any claim that your plea was the result of promises or threats that are not disclosed to the Court during today's plea hearing, or that it was not your own free choice to enter the plea. Do you understand that?

THE DEFENDANT: Yes

THE COURT: Understanding all of those things, are you ready to enter a plea to the charge of home invasion in the second degree?

THE DEFENDANT: Yes, I'm ready to go on and get it over with.

THE COURT: And how do want to plead?

THE DEFENDANT: It's hard, but I plead guilty to it though.

THE COURT: Now, Mr. Fields, you heard the plea agreement we talked about earlier, which, as I understand it, is that if you plead guilty to home invasion in the second degree, the prosecutor will dismiss the charge that you are an habitual felony offender, namely, a fourth felony offender, which could have enhanced your sentence all the way up to life imprisonment. Do you understand that to be the plea agreement?

THE DEFENDANT: Yes.

THE COURT: Has anybody promised you anything else to make you want to plead guilty?

THE DEFENDANT: No.

THE COURT: Did anybody threaten you to make you want to plead guilty?

THE DEFENDANT: No.

THE COURT: Is it your own free choice to enter a guilty plea?

THE DEFENDANT: Yes.

THE COURT: And are counsel satisfied that I correctly summarized the plea agreement?

MR. KUIPER: I am, Your Honor.

MS. BRYANT: Yes, Your Honor.

THE COURT: Mr. Fields, back on August the 4th of 2010, were you at 240 Calkins Avenue, S.E., here in the city of Grand Rapids, Kent County, Michigan?

THE DEFENDANT: Yes, I was on - -

THE COURT: And that's somebody's home, is that right?

THE DEFENDANT: Yeah. I was on the property, in the back yard, taking - - urinating.

THE COURT: Okay, so apparently you went into the house at some point for the purpose of stealing something, is that correct?

THE DEFENDANT: That's what they said, so - -

THE COURT: Well, what do you say?

THE DEFENDANT: Yes, I say right.

THE COURT: And as I understand it, you took a bicycle and some jewelry out of the house, is that correct?

MS. BRYANT: The bicycle was his, Your Honor.

THE COURT: oh, the bicycle was yours. You took some jewelry out of the house, is that right, Mr. Fields?

THE DEFENDANT: Yes.

THE COURT: And the jewelry you took without the permission of the owner or occupant, intending to use it for your own purposes?

THE DEFENDANT: Yes.

THE COURT: And the owner or occupant did not allow you into the house in the first place, and didn't give you the jewelry in the second place, is that correct?

   THE DEFENDANT: Correct.

Day Of Trial Plea Hearing transcript, docket #18 at 11-14. The court accepted the plea and the matter was scheduled for sentencing. Once the judge announced Petitioner's sentence, Petitioner told his counsel: "Tell him I withdraw my plea." Sentence Hearing transcript, docket #19 at 10. The court responded by stating that this was the final judgment and Petitioner could file for leave to appeal. *Id*.

   In the opinion of the undersigned, Petitioner knowingly and intelligently entered his plea. Petitioner understood the consequences of his plea and understood the rights that he was giving up in exchange for his plea. Petitioner entered the plea in exchange for the prosecution's withdrawal of the supplemental habitual offender charge. The deal was favorable for Petitioner because it changed Petitioner's maximum possible sentence from life imprisonment to 15 years imprisonment. Petitioner clearly was unhappy with his sentence, because he had no problem entering his guilty plea and did not wish to withdraw his plea until the judge gave him his sentence. Petitioner was aware of the possible sentence he was facing at the time he pleaded guilty. The court did not break any promises that induced the plea bargain. There exists no evidence which could establish that Petitioner is entitled to withdraw his plea.

   To the extent that Petitioner argues that the trial court erred by not establishing a proper factual basis for his guilty plea, petitioner has failed to raise a cognizable habeas claim. A state court is not required under the Constitution to establish a factual basis for a guilty plea. *Roddy v. Black*, 516 F.2d 1380, 1385 (6th Cir. 1975). "A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to

whether the underlying plea was both counseled and voluntary." United States v. Broce, 488 U.S. 563, 569 (1989). Having entered a valid plea, Petitioner may not challenge antecedent non-jurisdictional defects unless the state allows him to raise such claims. *See Tollett v. Henderson*, 411 U.S. 258, 261-67 (1973); *Lefkowitz v. Newsome*, 420 U.S. 283, 293 (1975).

Petitioner's claim that the prosecutor is in default for failing to timely respond in the state courts is not a cognizable claim in this proceeding. A federal court may not issue a writ of habeas corpus on the basis of a perceived error of state law. *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Engle v. Isaac*, 456 U.S. 107, 119 (1982); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988), *cert. denied* 488 U.S. 866 (1988). Therefore, it appears that this portion of petitioner's argument should be dismissed.

Petitioner asserts that the trial court erred in imposing sentence when it failed to correct the pre-sentence report or to appropriately give him credit for time served. Petitioner has not specifically shown how the court erred in adjusting the pre-sentence report. The court adjusted the guideline score in response to Petitioner's objections at the sentencing hearing. Further, the trial court rejected these claims when denying Petitioner's motion for relief from judgment and specifically explained why Petitioner 's assertion regarding credit for time served was incorrect. The court stated:

> Defendant claims he was improperly denied two hundred seventeen (217) days of jail credit he was owed and seeks to have his judgment amended to comport with that amount of credit. The Court has made numerous attempts to explain the credit days to Defendant via letter, but without success. Accordingly, the Court will now do so via order. Defendant failed to raise this issue on appeal and has not demonstrated good cause for his failure to do so. Further, because there is no error in his judgment, there is no actual prejudice. Thus, this motion must be denied procedurally.

> On March 29, 2011, Defendant was sentenced for home invasion, second degree. He was sentenced to a minimum three years, six months to a maximum sentence of fifteen years. Since Defendant has been in custody since August 24, 2010, the judgment indicated that his sentence began that day:
>
> THE COURT: ...with the directive that the Department confine you at an institution of its choosing for a term of not less than three and a half nor more than fifteen years, running from and after the date of your arrest, August 24, 2010.
>
> Sentence Trans., March 29, 2011, at 10. The judgment reflects this ruling. The adjustment of the sentence to the date of Defendant's arrest is the equivalent of two hundred seventeen (217) days of credit. The judgment *could* have stated that the sentence was to begin on March 29, 2011 with 217 days credit. However, that would have been the equivalent of his sentencing commencing on August 24, 2010, which is what Defendant's judgment currently states. Since his judgment is correct, there is no basis to amend it.

Order Denying Defendant's Motion Requesting Amendment of PSIR and Judgment [Treated As a Motion For Relief From Judgment], docket #21 at 2. In the opinion of the undersigned Petitioner's arguments lack merit. The Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

In summary, the undersigned concludes that the Petition is without merit and therefore it is my recommendation that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate

of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: September 21, 2015            /s/ TIMOTHY P. GREELEY
                                                   TIMOTHY P. GREELEY
                                                   UNITED STATES MAGISTRATE JUDGE